IN THE MATTER OF THE APPLICATION OF ISAAC S. RICE
    TO BE ADMITTED AS A CITIZEN OF THE UNITED
    STATES.

### [SPECIAL TERM.]

(Decided October 8th, 1875.)

Where a minor residing with his parents in this country was sent by them to a
foreign country to be educated, and after having there completed a course of
study and before the end of his minority, returned and again resided with his
parents here: *Held*, that by going to a foreign country for such a purpose he did
not change his residence, and that the years spent by him in such foreign country
were to be computed as years of residence here in determining whether he was
entitled to be admitted as a citizen of the United States.

    ONE Isaac S. Rice applied to this court to be naturalized
and by an affidavit attached to his application showed that
he was born in Germany in the year 1850, and came to
New York when he was only six years old, in 1856, in com-
pany with his parents, with whom he resided until he was
sixteen years old, when, under their direction, he returned
to Germany for the purpose of completing his education;
that he remained in Germany for three years, when, having
completed his course of study, he returned to his parents in
this city, with whom he had since resided.

    He furthermore averred that, from the time that he was
capable of forming an opinion or desire on the subject, it
was always his intention to become a citizen of the United
States.

    ROBINSON, J.—The domicile of the applicant, from 1856
to 1866, when living with his parents, in this city, was the
same as theirs. (Story on Conflict of Laws, § 46; *Sprague* v.
*Litherberry*, 4 McLean, 442.)

    Being sent by them to Germany when sixteen years of
age for a temporary purpose—to wit, to acquire an education
—the residence of his parents not being changed, and no

intention being entertained, on his or their part, on his being sent or during his stay there, that he should remain in Germany or separate himself from his family; his residence continued to be that of his parents.

Our Election laws (2 R. S. [Edm. ed.] 128) enact that " No person shall be deemed to have lost or acquired a residence by being a student in a college, academy or seminary of learning;" and although this provision relates rather to the rights of electors under the State laws, than to the right of naturalization under the Federal laws, it is but a recognition or affirmance of the rule at common law.

I am of opinion that the applicant " has resided five years within the United States, including the three years of his minority," and that his application should be granted, notwithstanding such temporary absence.